UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Farnam Street Financial, Inc., *a Minnesota*                File No. 26-cv-1468 (ECT/DTS)
*corporation*,

          Plaintiff,

v.                                                                                        **OPINION AND ORDER**

Aesthetics Biomedical, Inc., *a Delaware*
*corporation*,

          Defendant.

_____

Phillip J. Ashfield, Spencer Fane LLP, Minneapolis, MN, for Plaintiff Farnam Street
Financial, Inc.

_____

In this breach-of-contract action, Plaintiff Farnam Street Financial, Inc., alleges that

Defendant Aesthetics Biomedical, Inc., failed to make timely payments pursuant to an

equipment lease agreement.  Farnam Street seeks entry of a default judgment against

Aesthetics Biomedical.  The motion will be granted.[1]

The basic process for determining whether a default judgment should be entered is

straightforward.  The entry of default means that "the factual allegations of the complaint,

except those relating to the amount of damages, will be taken as true."  10A *Wright &*

---

[1]    The Clerk properly entered Aesthetics Biomedical's default.  ECF No. 9.  The
Summons and Complaint were served on Aesthetics Biomedical on February 20, 2026,
ECF No. 5, but it has not responded or otherwise appeared.  *See* Docket; *see also* ECF No.
7 ¶ 7.  Farnam Street also served the motion for default judgment and supporting papers on
Aesthetics Biomedical.  ECF No. 15.  A hearing on the motion was held on July 13.  ECF
No. 16.  Aesthetics Biomedical did not appear or otherwise respond.

*Miller's Federal Practice & Procedure* § 2688.1 (4th ed. & April 2026 update) (footnotes omitted).  Next, it must be determined whether the taken-as-true factual allegations of the complaint "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).  If the taken-as-true allegations of the complaint constitute a legitimate cause of action, then the amount of the default judgment must be ascertained.  *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000)).

Start with the amended complaint's taken-as-true factual allegations.  On November 10, 2022,[2] Farnam Street and Aesthetics Biomedical entered into an equipment lease agreement.  Compl. [ECF No. 1] ¶ 5; ECF No. 1-1 at 2–6.  In connection with the lease agreement, on February 26, 2024, Farnam Street and Aesthetics Biomedical executed and became parties to a lease agreement schedule.  Compl. ¶ 6; ECF No. 1-1 at 8–9.  Under the terms of the schedule, Farnam Street leased business equipment to Aesthetics Biomedical for an initial period of 15 months, beginning on February 1, 2024, and ending on April 30, 2025.  Compl. ¶ 7; ECF No. 1-1 at 8.  Aesthetics Biomedical agreed to make monthly payments to Farnam Street in the amount of $9,721.26 plus taxes for use of the equipment.  Compl. ¶ 8; ECF No. 1-1 at 8.  The schedule required Aesthetics Biomedical to pay an existing past-due balance of $26,755.12 under a prior lease schedule "prior to any

---

[2]     The Complaint alleges the lease agreement was entered into on November 4, 2022, ECF No. 1 ¶ 5, but the lease agreement itself is dated November 10, 2022, ECF No. 1-1 at 6.

termination of" the February 26, 2024 schedule.  Compl. ¶ 9; ECF No. 1-1 at 8.  To terminate the schedule at the end of the initial 15-month period, or any subsequently renewed period, Aesthetics Biomedical was required to (1) provide written notice of termination to Farnam Street at least 120 days prior to the end of such term, and (2) return the leased equipment within ten days after expiration of the period.  Compl. ¶ 10; ECF No. 1-1 at 2.   If Aesthetics Biomedical failed to terminate the schedule, the schedule automatically renewed for an additional 12 months.  Compl. ¶ 10; ECF No. 1-1 at 2.  Aesthetics Biomedical failed to terminate the schedule at the end of the initial term and the subsequent term, resulting in automatic renewal on May 1, 2025, and again on May 1, 2026.  Compl. ¶¶ 11–12.  Under the lease agreement, Aesthetics Biomedical's failure to pay any sum due within ten days from the due date constituted an "Event of Default."  Compl. ¶ 13; ECF No. 1-1 at 4.  Aesthetics Biomedical has failed to make any payments under the lease agreement and schedule since November 2024.  Compl. ¶ 14.

Under the lease agreement, when an Event of Default occurs, Farnam Street is entitled to, among other things, (1) "recover from [Aesthetics Biomedical] all accrued and unpaid [monthly charges] and other amounts due and owing under the [lease agreement and schedule]," (2) "accelerate and recover the present value of future lease charges and other amounts likely to become due under the [lease agreement and schedule]," and (3) "recover the Casualty Loss Value . . . of the [e]quipment."  Compl. ¶ 15; *see* ECF No. 1-1 at 5.  Farnam Street is also entitled to recover a late charge of 1.5% (or the maximum percentage allowed by law if less than 1.5%) on any past due amount on the date such payment is due and every 30 days thereafter until all past due amounts are paid in full.

ECF No. 1-1 at 2; *see* Compl. ¶ 17.  Finally, Farnam Street is entitled to all damages and expenses, including attorneys' fees, incurred in enforcing its rights and remedies resulting from an event of default.  Compl. ¶ 16; ECF No. 1-1 at 5.

Farnam Street has plausibly alleged breach of contract.  *See* Compl. ¶¶ 19–21. Under Minnesota law,[3] breach-of-contract claim has three elements: "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011).  Here, all elements are met.  The lease agreement and schedule constitute a contract, Aesthetics Biomedical's failure to make timely payment was a breach, and Farnam Street suffered injury.  The lease agreement and schedule imposed no conditions precedent upon Farnam Street's ability to demand contractually provided-for remedies upon an Event of Default.  *See* ECF No. 1-1. Farnam Street is entitled to default judgment.

When a defendant's liability is established, a plaintiff seeking a default judgment "must still prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001).  "A district court may determine damages by computing from the facts of record the amount that the plaintiff is lawfully entitled to recover and enter judgment accordingly." *Radisson Hotels Int'l, Inc. v. Fairmont Partners LLC*, No. 19-cv-1176 (WMW/BRT), 2020 WL 614810, at *2

---

[3] The lease agreement states "[t]his Lease Agreement, [and] the Lease Schedule(s) . . . will have been made, executed and delivered in, and will be governed by the internal laws (as opposed to conflicts of law provision) and decisions of, the State of Minnesota." ECF No. 1-1 at 6.

(D. Minn. Feb. 10, 2020); *see also Raines v. Steel Rock Com., LLC*, No. 20-cv-2124 (ECT/KMM), 2021 WL 7186823, at *1 (D. Minn. Aug. 31, 2021).

Farnam Street has itemized its damages as follows:

a. Past Due Monthly Lease Charges: $210,498.74

b. Late Fees: $43,364.91

c. Casualty Loss Value: $215,801.37.

ECF No. 13 ¶ 5. The sum of these values is $469,665.02. *Id.* Consider each in turn.

(a) Past Due Monthly Lease Charges. Farnam Street seeks $210,498.74 in past due monthly lease charges. ECF No. 13 ¶ 5. This comprises the $26,755.12 in charges carried over from a prior lease and the monthly lease charge of $9,721.26 from February 2024 to April 2026, plus applicable sales or use tax and property taxes, subtracted by the payments Farnam Street received from Aesthetics Biomedical. ECF No. 13-1 at 11. The amount sought in past due monthly lease charges also includes a late charge fee of $2,271.32, which was billed to Aesthetics Biomedical and due on September 11, 2024. ECF No. 13-1 at 11. The amount sought for past due monthly lease charges is warranted by the lease agreement and schedule.

(b) Late Fees. Farnam Street seeks $43,364.91 in late fees. ECF No. 13 ¶ 5. This amount consists of the 1.5% late-fee charge on billed amounts not paid by Aesthetics Biomedical on the due date,[4] less the already billed $2,271.32 in late fees included in the

---

[4] The past due amounts upon which late fees were incurred include the $26,755.12 carried over from a prior lease. ECF No. 13-1 at 13. This is expressly contemplated in the schedule. ECF No. 1-1 at 8 ("Late fees on this past due amount shall continue to accrue until paid at the rate specified in the Lease Agreement.").

past due monthly lease charges amount.  ECF No. 13-1 at 12–13.  The late fees are warranted by the lease agreement and schedule and will be awarded.  *See* ECF No. 1-1 at 2.

(c)    Casualty Loss Value.  Farnam Street requests $215,801.37 as the casualty loss value of the rented equipment.  ECF No. 13 ¶ 5.  The lease agreement provides that the casualty loss value of the equipment includes

> one-hundred (100%) percent of the original cost of the Equipment subject to the Loss if the loss occurs in either the installation period or during the first nine months of the Initial Term, and, thereafter, the original cost of the Equipment amortized by the subsequent Monthly Lease Charges received by [Farnam Street] during the Initial Term using an amortization rate of eight hundred and ninety (890) basis points over the interest rate of the three (3) year United States Treasury Note as reported by the Federal Reserve on the Commencement Date.

 ECF No. 1-1 at 3.  The interest rate of the three-year United States Treasury Note on February 1, 2024 (the commencement date, *id.* at 8), was 3.96%.  *Daily Treasury Rates*, U.S. Dep't of the Treasury, https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_yield_curve&field_tdr_date_value=2024 (last visited July 13, 2025); *see also* ECF No. 13-1 at 14.  The schedule states that the original cost of the equipment leased to Aesthetics Biomedical was $220,937.15.  ECF No. 1-1 at 8.  Following the first nine months of the initial lease term, Farnam Street's records show Aesthetics Biomedical paid a total of $7,504.10 towards the monthly lease charges (excluding taxes) on November 1, 2024, and failed to provide any payments thereafter.  ECF No. 13-1 at 11, 14.  Based on an interest rate of 12.86% (8.90% plus 3.96%), $2,367.72 was put towards interest on the original cost of the equipment, leaving $5,136.38

to be applied towards the principal amount. *Id.* at 14. Accordingly, the casualty loss value of the equipment as it currently stands is $215,801.37. *Id.* This amount will be awarded.

### ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.  Plaintiff's Motion for Entry of Default Judgment [ECF No. 10] is **GRANTED**.

2.  The Clerk of Court shall enter default judgment in favor of Plaintiff Farnam Street Financial, Inc., and against Defendant Aesthetics Biomedical, Inc., in the amount of $469,665.02.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 13, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court